UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| THOMAS PAUL HULL, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:06-cv-291 |
| | ) |
| v. | )   Honorable Richard Alan Enslen |
| | ) |
| JULIE K. FLETCHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA") "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies as to Defendants Julie K. Fletcher and Kurt Jones, the Court will dismiss them without prejudice. The Court will order service of Plaintiff's claims against Defendants (unknown) Hoffman and (unknown) Nelson at the Carson City Correctional Facility.

### Discussion

I.   Factual allegations

Plaintiff is presently incarcerated at the Earnest C. Brooks Correctional Facility. He complains of incidents that occurred while he was housed at the Carson City Correctional Facility.

In his *pro se* Complaint, he sues Carson City nurse Julie K. Fletcher, corrections officer (unknown) Hoffman, shift sergeant (unknown) Nelson, and Warden Kurt Jones.

Plaintiff claims that in May 2004 at his annual health screening, he complained to Defendant Fletcher of persistent chest pains over the course of the preceding six months. In response, Fletcher commented on the fact that Plaintiff smoked and was overweight, and told him to notify unit officers the next time he suffered chest pains. Plaintiff further alleges that on June 23, 2004, he awoke at 2:45 a.m. profusely sweating and vomiting, with severe chest pains. He told Defendant Hoffman he thought he was having a heart attack and needed to see health services; Hoffman responded that Plaintiff might have acid reflux and that there was no medical staff on duty at the time. Defendant Hoffman called Defendant Nelson, who also suggested Plaintiff might have acid reflux, gave Plaintiff an aspirin, and instructed Plaintiff to wait in his cell until 6:30 or 7:00 a.m. when health services personnel arrived. No one called Plaintiff out when health services arrived that morning. Later on June 23, 2004, Plaintiff was evaluated by health services and taken to the hospital, where doctors determined that he had suffered a heart attack. An emergency angioplasty was performed to open a completely occluded cardiac artery and Plaintiff remained in the hospital for six days thereafter. Plaintiff alleges that Defendants violated Michigan Department of Corrections ("MDOC") policy directives. He further argues that they failed to provide him adequate medical care and that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. For relief, Plaintiff requests compensatory, punitive, and nominal damages.

II.   Exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show total exhaustion of available administrative remedies as to Defendants Fletcher and Jones. Pursuant to 42 U.S.C. § 1997e(a), a

prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Here, Plaintiff has not exhausted administrative remedies against all Defendants he names in his Complaint. The documentation he provided the Court shows that he properly pursued his grievance through all levels of review as to Defendants Hoffman and Nelson, but not against

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a).

Defendants Fletcher or Jones. Neither Defendants Fletcher nor Jones are named in Step I of grievance no. DRF 04071022 18-A.

Because Plaintiff's Complaint contains both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule. The Sixth Circuit recently held in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Id.* at 805; *accord Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006) (reaffirming *Jones Bey*). The Court has reviewed the *Jones Bey* and *Rinard* decisions and cannot, in good conscience, apply *Jones Bey* because it is void under Sixth Circuit law. It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting *en banc* overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (discussing the effect of published opinions by previous panels); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court *en banc* consideration is required to overrule a published opinion of the court.") (quoting 6th Cir. R. 206(c)).

In this case, the prior controlling decision is *Hartfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). *Hartfield* held that, in a prisoner's civil rights action, unexhausted claims should be dismissed without prejudice and exhausted claims should be allowed to proceed and be determined

on the merits. Upon review of the cases, the Court finds that *Hartfield* did address this issue and allowed for partial exhaustion, albeit not in as direct language as the *Jones Bey* panel. However, the intention of the *Hartfield* panel to allow for partial exhaustion is clear. Additionally, following *Hartfield* is consistent with this Court's decision in *Jenkins v. Toombs*, 32 F. Supp. 2d 955 (W.D. Mich. 1999) (holding that it is appropriate to dismiss unexhausted claims and allow the exhausted claims to be determined on the merits).

Since the *Jones Bey* decision, other cases have been decided which illustrate the error of the *Jones Bey* decision on policy grounds. *See Ortiz v. McBride*, 380 F.3d 649, 657-63 (2nd Cir. 2004) (finding that it is appropriate to proceed with exhausted claims but dismiss unexhausted claims in prisoner civil rights actions ); *see also Leascock v. City of New York*, No. 01 Civ. 2849 (DLC.), 2005 WL 323723, at *3 (S.D.N.Y. Feb. 10, 2005) (unpublished) (considering *Ortiz* and companion cases); *Boyd v. Pugh*, No. Civ. 3:CV-04-1761, 2005 WL 1430087, at *2 (M.D. Pa. June 17, 2005) (declining to follow the "total exhaustion" rule); *Clark v. Mason*, No. C04-1647C, 2005 WL 1189577, at *8-9 (W.D. Wash. May 19, 2005) (addressing the split of district courts within the Ninth Circuit and declining to apply a total exhaustion rule).

Therefore, this Court will follow the precedent set by *Hartfield* until and unless the Supreme Court of the United States or Sixth Circuit sitting *en banc* determines that the total exhaustion rule applies to prisoner civil rights actions.

It is not clear whether Plaintiff may still grieve his claims against Defendants Fletcher and Jones. The incidents of which he complains occurred when he was housed at the Carson City Correctional Facility; he is now housed at the Earnest C. Brooks Correctional Facility. Under prison policy, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See*

MICH. DEP'T CORR. Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit has held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield*, 199 F.3d at 309 (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

## Conclusion

Having conducted the review now required by the PLRA, the Court will dismiss without prejudice Plaintiff's claims against Defendants Fletcher and Jones for failure to exhaust his administrative remedies as to those two Defendants pursuant to 42 U.S.C. § 1997e(a). The Court will order service of Plaintiff's Complaint on Defendants (unknown) Hoffman and (unknown) Nelson at the Carson City Correctional Facility.

A Partial Judgment and Order consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>  May 19, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |