UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS PAUL HULL, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:06-cv-291 |
| | ) |
| v. | ) Honorable Richard Alan Enslen |
| | ) |
| JULIE K. FLETCHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**OPINION**

Plaintiff Thomas Paul Hull is a prisoner incarcerated at the Earnest C. Brooks Correctional Facility. In May 2006, he filed a civil complaint alleging that while he was housed at the Carson City Correctional Facility (DRF) in 2004, Defendants failed to provide him adequate medical care and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. On May 19, 2006, the Court entered an Opinion and Judgment ordering service on Defendants (Unknown) Hoffman and (Unknown) Nelson; and dismissing Defendants Julie K. Fletcher and Kurt Jones without prejudice because Plaintiff had failed to fully exhaust his administrative remedies as to those Defendants. This matter now is before the Court upon Plaintiff's motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e).

In his motion, Plaintiff urges the Court to "reconsider" its dismissal of Defendant Fletcher, and serve her with his complaint, for two reasons. First, Plaintiff argues that the limitations period for his action will expire before he can exhaust available administrative remedies as to Defendant Fletcher. (Mot. ¶ 1). Second, Plaintiff claims that in his Complaint, he sufficiently

demonstrated that he has in fact exhausted administrative remedies as to Defendant Fletcher. (Mot. ¶¶ 2-3, 5-6, 8; Mem. at 2-8).

A motion to alter or amend judgment under Rule 59(e) may be granted if: (1) there is a clear error of law, *see Sault Saint Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); (2) there is newly discovered evidence, *see id.*; (3) an intervening change in controlling law occurs, *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); or (4) to prevent manifest injustice, *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3; *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Although he does not specify the precise basis of his Rule 59(e) motion, Plaintiff appears to argue that he is entitled to relief because the Court made a clear error of law, (Mot. ¶ 3); and/or because manifest injustice will result from the dismissal of Fletcher without prejudice. (Mot. ¶ 1). Regarding the first basis, Plaintiff admits that he did not specifically name Fletcher until Step II of the prison grievance process. (Mot. ¶ 3; Mem. at 3 & 4). He argues that the requirements of 42 U.S.C. § 1997e have nonetheless been met because: (a) Plaintiff "implicated" Fletcher in one of his Step I grievances because in it, he alleged that "DRF Health Services" failed to properly address his complaints of chest pains at his May 3, 2004 annual physical examination, which was performed by Fletcher;[1] and (b) Plaintiff verbally informed prison officials that his claims included Fletcher at

---

[1] At Step 1 of grievance DRF-04-07-1022-18.A, filed on July 2, 2004, Plaintiff made no reference to Fletcher or the May 3, 2004 annual physical; but only referenced his June 23, 2004 heart attack. At Step I of grievance DRF-04-08-1254-12.E, filed on August 5, 2004, Plaintiff alleged that his damages "may have been avoided, if DRF Health

his Step I interview. (Mem. at 3 & 5). He maintains that DRF was given "fair notice" of Plaintiff's claims against Fletcher; hence his claims against her have been properly exhausted. (Mem. at 5-7).[2]

The Court did not make a clear error of law when it held that because Plaintiff failed to specifically name Fletcher at Step I of the grievance process, he did not fully exhaust his claims against her. It is long-settled in the Sixth Circuit that in order to properly exhaust, a prisoner must raise each of his claims against each defendant for the first time at Step I of the grievance process. *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006); *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The defendants a prisoner may name in his lawsuit is limited to the specific individuals named at Step I of the grievance process. *Id; Vandiver v. Martin*, 48 Fed. Appx. 517, 519 (6th Cir. 2002). Accordingly, Plaintiff's general reference to "Health Services" at Step I of grievance no. DRF-04-08-1254-12.E did not suffice to properly name or fully exhaust his claims against Fletcher.

The second possible basis for relief under Rule 59(e), that is, that manifest injustice would result from a failure to serve Plaintiff's Complaint on Defendant Fletcher, is equally without merit. In its May 19, 2006 dismissal, the Court pointed out that, under the law in effect at the time, the exhaustion requirement would be met as to Defendant Fletcher as long as Plaintiff merely attempted to grieve his claims against her, regardless of whether DRF deemed the grievance

---

Services had provided adequate medical care and treatment when Grievant complained of repeated chest pains (which is now known to be a common symptom of CAD [Coronary Artery Disease]), during his last Annual Health Screening on 05/03/04 . . . ."

[2]Plaintiff relies on *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003) in asserting that a prisoner need not comply with all procedural requirements of the grievance process in order to properly exhaust. (Mem. at 4). The Court notes that the United States Supreme Court recently overruled that part of *Thomas* when it held that a prisoner must "properly exhaust," that is, comply with all procedural requirements of the grievance system, in order for his claims to be deemed fully exhausted. *Woodford v. Ngo*, 548 U.S. ___ , No. 05-416, 2006 WL 1698937 at *7-8 (June 22, 2006). Plaintiff's claim that he properly exhausted his claims as to Defendant Fletcher fails regardless of whether *Thomas* or *Woodford* applies to this case.

untimely.[3]  Additionally, exhausting his claims against Defendant Fletcher will neither endanger those claims, nor his action as a whole, under the applicable limitations period.  A civil rights action by a Michigan prisoner under § 1983 must be filed within three years of the offense.  MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  The statute of limitations begins to run when the prisoner knows or has reason to know of the injury that is the basis of his action.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).  Plaintiff alleges Defendant Fletcher failed to address his chest pain complaints at his May 3, 2004 annual examination, and prompt attention to those complaints could have prevented his June 23, 2004 heart attack.  The limitations period on Plaintiff's claims against Defendant Fletcher would not expire until May 3, 2007 at the earliest, or June 23, 2007 at the latest.  *See Collyer*, 98 F.3d at 220.  With at least 10 months remaining in the limitations period, Plaintiff has ample time to try to grieve his claims against Defendant Fletcher.  His action as a whole will not be jeopardized because it was timely filed and will proceed while Plaintiff attempts to exhaust his claims against Defendant Fletcher.[4]

Plaintiff does not assert or demonstrate any of the other three bases for relief under FED. R. CIV. P. 59(e).

---

[3]*See Thomas,* 337 F.3d at 733 (holding that an administrative "decision not to grant relief in particular cases – whether for timeliness or for any other state procedural requirement – does not strip the federal courts of their power to do so.").

[4]The Court notes that after its May 19, 2006 decision, the Sixth Circuit decided *Spencer v. Bouchard*, which held that in the case of a "mixed" petition, that is, one that contains both exhausted and unexhausted claims, the exhausted claims may proceed.  449 F.3d at 725-26.

An Order consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>July 24, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |