UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS PAUL HULL,

    Plaintiff,

v.

JULIE K. FLETCHER, *et al.*,

    Defendants.      /

Case No.1:06-CV-291

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Defendants Hoffman and Nelson's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of December 13, 2006 ("Report"), which recommends denying Defendants' Motion for Summary Judgment. This Court reviews the Report, Defendants' Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252.

"The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Defendants argue the Magistrate Judge erred in applying the "obviousness" standard for determination of the subjective component of an Eighth Amendment deliberate indifference claim. Defendants assert that such a standard contradicts the Supreme Court's decision in *Farmer v. Brennan*, 511 U.S. 825 (1994). The test of whether an Eighth Amendment violation has occurred has both an objective and a subjective component. "The objective component requires that the deprivation alleged must be sufficiently serious." *Farmer*, 511 U.S. at 834. "To satisfy the subjective requirement, [the plaintiff] must show that the [defendants] had a 'sufficiently culpable state of mind.'" *Id*. Therefore, "[i]t is not enough merely to find that a reasonable person would have known, or that the defendant should have known." *Id*. at 843 n.8.

Defendants argue the Magistrate Judge summarily applied a standard of "obviousness" to find the subjective component of the test had been met and that standard is contradicted by *Farmer*. The Court disagrees. Defendants misapprehend the Report's legal analysis as to the subjective component. The obviousness standard which was discussed earlier in the Report was in regards to the objective portion of the test. (*See* Report at 9-10.) In regards to the subjective component, the Report set forth that Plaintiff had submitted enough evidence to show he was experiencing a serious medical need to which Defendants did not properly respond, and because of the seriousness of that medical issue and its obviousness to a layperson, there existed a genuine issue of material fact as to whether Defendants were deliberately indifferent. (*Id*. at 10-11) The Sixth Circuit Court of Appeals has stated a plaintiff does not need to submit evidence that a defendant had "drawn the inference [that plaintiff was

suffering from a serious medical problem]." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 313 (6th Cir. 2005). The Sixth Circuit explained "[i]n most cases in which the defendant is alleged to have failed to provide treatment, there is no testimony about what inferences the defendant in fact drew. Nonetheless, in those cases, a genuine issue of material fact as to deliberate indifference can be based on a strong showing on the objective component." *Id*. *See also Forton v. County of Ogemaw*, 435 F. Supp. 2d 640, 651 (E.D. Mich. ) (holding "the evidence that the defendant disregarded the classic symptoms of a heart attack and the plaintiff's cries that she needed to go to a hospital was sufficient to support an inference that satisfied the subjective component.")

In the instant case, Plaintiff submitted sufficient evidence that he was suffering from the classic, obvious symptoms of a heart attack, he requested medical help, and he was denied medical help by Defendants.[1] This evidence, viewed in a light most favorable to Plaintiff, creates a genuine issue of material fact as to whether Defendants knew and disregarded a substantial risk of harm to Plaintiff's health and safety. *Estate of Carter*, 408 F.3d at 312. Therefore, this analysis is proper and Defendants' objection fails.

Defendants also object to the Magistrate Judge's recommendation that Defendants are not entitled to qualified immunity. Defendants argue their conduct was objectively reasonable and therefore, they are entitled to qualified immunity. However, as the Report accurately stated, "[n]o

---

[1] To the extent Defendants argue their conduct is distinguishable from the conduct of the defendants in *Plemmons v. Roberts*, 439 F.3d 818 (8th Cir. 2006), *Carter*, and *Forton* as relied upon by the Magistrate Judge, this argument fails. Defendants assert that unlike these cases, Defendants were unaware of Plaintiff's true condition because they were unaware of any history of heart disease. However, Plaintiff has submitted sufficient evidence, as discussed above, that he was suffering from the classic signs of a heart attack which would be recognizable by a layperson. Whether Defendants were aware of a history of heart problems or not, Plaintiff's "classic signs" of a heart attack were not diminished. Therefore, this objection fails.

3

credible argument can be advanced that a reasonable official would failed to have underst[oo]d that refusing and/or unreasonably delaying medical care to a prisoner experiencing the classic signs of a heart attack violates the Eighth Amendment." (Report at 12.) Defendants were presented with a prisoner who was complaining of reoccurring chest pains, nausea, sweating profusely, and who requested medical assistance and believed he was having a heart attack. Defendants have failed to show that in the face of these signs, they were objectively reasonable in denying or delaying medical treatment. Therefore, Defendants objection fails.

Additionally, the Court notes that on May 19, 2006, this Court dismissed without prejudice Defendants Julie K. Fletcher and Kurt Jones for the reason that Plaintiff failed to fully exhaust his administrative remedies as to those Defendants. This decision may no longer be valid in the face of the Supreme Court's recent decision in *Jones v. Bock*, 2007 WL 135890 (Jan. 22, 2007), which repudiated much of the Sixth Circuit's jurisprudence on exhaustion of administrative remedies in civil rights cases. Therefore, the parties shall brief this issue and it shall be referred to the Magistrate Judge to determine whether to vacate the dismissal, or in the alternative find that such a dismissal is appropriate on other permissible grounds.

Therefore, the Court will deny Defendants' Objections to the Report. The Court further orders that the dismissal of Defendants Julie K. Fletcher and Kurt Jones be briefed and the issue be referred to the Magistrate Judge to determine whether such dismissal is still valid in light of *Jones*.

An Order consistent with this Opinion shall issue.

Dated in Kalamazoo, MI:         /s/Richard Alan Enslen
January 31, 2007                Richard Alan Enslen
                                Senior United States District Judge